# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**JOSHUA LEE VINSON, SR.,**

       Plaintiff,

    **v.**                        **Case No. 19-CV-1264**

**STATE OF WISCONSIN BRANCH 4
COURT RACINE,**

       Defendant.

---

## SCREENING ORDER

---

Plaintiff Joshua Lee Vinson, Sr., an inmate confined at the Racine County Jail, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that his constitutional rights were violated. About a month after filing his complaint, he filed an amended complaint, which he may do once without the court's permission. This order resolves Vinson's motion for leave to proceed without prepaying the filing fee and his motion to waive the initial partial filing fee and screens his amended complaint.

## 1. Motion for Leave to Proceed without Prepaying the Filing Fee

The Prison Litigation Reform Act (PLRA) applies to this case because Vinson was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then

pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On September 19, 2019, the court ordered Vinson to pay an initial partial filing fee of $18.42. (ECF No. 8.) About a week later, Vinson filed a motion asking the court to waive the initial partial filing fee. (ECF No. 9.) He explains that his account balance is in the negative, he cannot earn money at the jail, and he has no outside financial support. The court will grant Vinson's motion to waive the initial partial filing fee and will grant his motion for leave to proceed without prepaying the filing fee. He must pay the $350 filing fee over time in the manner explained at the end of this order.

## 2. Screening the Complaint

### 2.1 Federal Screening Standard

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim,

a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and it holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Vinson's Allegations

Vinson sues the "State of Wisconsin Branch 4 Court Racine" for violating his due process rights. He explains that the prosecuting attorney added two additional counts in an amended information on the same day his criminal trial started. While he was allegedly acquitted of those additional counts, he was convicted of two other counts. Vinson asserts that the counts he was convicted of did not appear in the amended information. Vinson explained to his attorney how his due process rights

3

had been violated, but his attorney allegedly told him there was nothing he could do. According to Vinson, his attorney then filed a motion for a competency examination.

Vinson asserts that, on August 23, 2019, he informed the court that the charge he was convicted of did not appear in the amended information. In response, the prosecuting attorney allegedly informed the court she would be filing new charges, which she allegedly did about three weeks later.

Vinson states that he is innocent of all the charges. He asks to be released from jail, for compensatory damages, and for "the case to be acquitted." (ECF No. 10 at 5.)

*2.3 Analysis*

Vinson names only the "State of Wisconsin Branch 4 Court Racine" as a defendant in the caption of his complaint. But he cannot sue the Racine court because it is not a "person" under § 1983. *See Griffin v. State of Wisconsin*, No. 07-1653, 2007 WL 2913892 at *3 (7th Cir. Oct. 5, 2007). Accordingly, the Racine court must be dismissed.[1]

Vinson's amended complaint, however, suffers from a more significant deficiency. Prisoners have two paths they may travel to obtain relief in federal court: civil tort actions under 42 U.S.C. § 1983 and habeas corpus review of state adjudications under 28 U.S.C. § 2254. *Morgan v. Schott*, 914 F.3d 1115, 1119 (7th Cir. 2019). The two paths are not interchangeable. When a prisoner challenges "the fact

---

[1] Because the Racine court is not a person that can be sued, it is not capable of consent. Therefore, its consent is not required to dismiss it. *Cf. Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461 (7th Cir. 2017). Therefore, Vinson is the only party, and the court has his consent.

or duration of his confinement," habeas corpus, not § 1983, is the proper path. *Id.* (citations omitted). To state it differently, if a decision in the prisoner's favor would "necessarily imply the invalidity of [his] conviction or sentence[,]" he may not pursue a § 1983 claim unless he can show that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* (quoting *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)).

Vinson argues that the charges for which he was convicted did not appear in the amended information, and therefore the court violated his due process rights by allowing those charges to proceed to trial. He also argues he is innocent of the charges for which he was convicted. Vinson asks this court to invalidate his conviction and release him from jail. Vinson has chosen the wrong path to obtain the relief he wants. He cannot proceed under § 1983. Instead, he may challenge his conviction in a direct appeal in state court and, if that is unsuccessful, he may challenge his conviction through a federal writ of habeas corpus.

### 3. Conclusion

**THEREFORE, IT IS ORDERED** that Vinson's motion to waive the initial partial filing fee and his motion for leave to proceed without prepaying the filing fee (ECF Nos. 9, 2) are **GRANTED**.

**IT IS FURTHER ORDERED** that the agency having custody of Vinson shall collect from his institution trust account the $350 filing fee by collecting monthly

payments from Vinson's prison trust account in an amount equal to 20% of the preceding month's income credited to Vinson's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Vinson is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Vinson is confined.

**IT IS FURTHER ORDERED** that State of Wisconsin Branch 4 Court Racine is **DISMISSED** because it is not a person that can be sued under § 1983.

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice** pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case

Dated at Milwaukee, Wisconsin this 9th day of October, 2019.

WILLIAM E. DUFFIN
U.S. Magistrate Judge